UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| CAROLYN LONGSHORE-PIZER | : | |
| Plaintiff | : | CIVIL ACTION NO. |
| v. | : | 3:04-cv-1601 (JCH) |
| | : | |
| STATE OF CONNECTICUT, | : | |
| CAPITOL REGION MENTAL HEALTH | : | |
| CENTER, LAUREL REAGAN, | : | |
| CARL SHIELDS, | : | |
| RAY CIOFFI, | : | |
| JAMES RANSOM REED, JR. | : | |
| Defendants. | : | SEPTEMBER 13, 2005 |

**RULING ON DEFENDANTS' MOTION TO DISMISS [DKT. NO. 17]**

The plaintiff, Carolyn Longshore-Pizer, brought this employment discrimination action against the defendants pursuant to 42 U.S.C. §§ 2000e et seq. ("Title VII"); the Connecticut Fair Employment Practices Act, Conn. Gen. Stat. §§ 46a-60; 42 U.S.C. §§ 1981, 1983, and 1985; and the Equal Protection clause of the United States Constitution. The defendants, the State of Connecticut, Capitol Regional Mental Health Center, Lauren Reagan, Carl Shields, Ray Cioffi, and James Ransom Reed, Jr., in their official capacities, bring this motion to dismiss the plaintiff's complaint against them pursuant to Fed. R. Civ. P. Rule 12(b)(1) for lack of subject matter jurisdiction, Fed R. Civ. P. Rule 12(b)(2) for lack of personal jurisdiction, Fed. R. Civ. P. 12(b)(5) for insufficiency of service of process, and Fed. R. Civ. P. Rule 12(b)(6) for failure to state a claim upon which relief can be granted. For the following reasons, the defendants' motion is GRANTED in part and DENIED in part.

In her response, Longshore-Pizer concedes the defendants' motion as it pertains to the claims under the Connecticut Fair Employment Practices Act, and accordingly the

1

motion to dismiss those claims is hereby GRANTED.  Furthermore, for the reasons discussed below, the defendants' motion to dismiss the complaint as against Reagan, Shields, Cioffi, and Reed (hereinafter the "individual defendants") for failure to effect timely service is GRANTED as well. The plaintiff may move to reopen the action as against the individual defendants provided that she demonstrate, pursuant to Fed.R.Civ.P. Rule 4(m), good cause for her failure to timely effect service on the individual defendants by September 27, 2005.

I.      BACKGROUND[1]

Longshore-Pizer is an African-American woman who has been employed by the State of Connecticut for 22 years.  In 2002, Longshore-Pizer transferred, following the receipt of a layoff notice, from the being the office manager at the Capitol Region Mental Heath Center in Hartford, Connecticut to the being the office supervisor at the Capital Region Mental Health Center in New Haven, Connecticut.  Longshore-Pizer was the only person who received a layoff notice at her former worksite.

At the New Haven center, Longshore-Pizer "bumped" a person with less seniority to a lower position at the center.  Longshore-Pizer received "a very cold welcome" from her new supervisor upon commencing work at the new location; her supervisor was "very critical of plaintiff's work," refused to grant plaintiff's request for computer training, and would disregard plaintiff's work. Complaint, ¶¶ 29-33 [Dkt. No. 1].  In October 2003, Longshore-Pizer received an evaluation that, while rating the plaintiff as meeting "all

---

[1] The court takes the facts alleged in the plaintiff's complaint as true, as it must, and draws all inferences in the plaintiff's favor.  See Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds by Davis v. Scherer, 468 U.S. 183 (1984).

2

position requirements and may even exceed them at times," included "searing, negative" comments in each evaluation area. Id. at ¶¶ 35-37. In November 2003, the plaintiff, through her union, grieved the October evaluation. In November 2003, the plaintiff filed a discrimination complaint with James Reed, Jr., the Affirmative Action Officer of the State of Connecticut Department of Mental Health and Services. Plaintiff claims that Reed's March 2004 investigative report was "replete with inaccuracies and misrepresentations."

Longshore-Pizer was given extra work by her supervisors in addition to her other assigned duties, and her co-workers would often complain to her supervisor over "alleged corrections" to her paperwork, "no matter how small or insignificant they were." Id. at ¶ 61. According to the plaintiff, her "work environment was made hostile with this kind of conduct and lack of support by management." Id. Longshore-Pizer also states that she was expected to do work that the person who had held her position in the past was not expected to do, specifically work involving the documentation of travel requests. Ray Cioffi, the Human Resources Director of the center, did not assist the plaintiff when she informed him about the information regarding the travel documentation.

Longshore-Pizer had filed a claim with the Connecticut Commission on Human Rights and Opportunities (CHRO) on December 17, 2002, and received a right-to-sue letter from the Department of Justice on August 5, 2004. She alleges that she "has complied with all of the procedural prerequisites to suit." Id. at ¶ 10.

## II.   DISCUSSION

### A.   Lack of Personal Jurisdiction

The individual defendants move to dismiss Longshore-Pizer's complaint against them to the extent it is stated against them in their personal capacities pursuant to Fed.R.Civ.P. 12(b)(5) for lack of personal jurisdiction for failure to effect proper service on them.  According to the defendants, "[u]pon information and belief, a state marshal left papers for the named individuals with secretaries at various locations."  To date, no return of service has been filed with the Court regarding the individual defendants.

Service on state officials in their personal capacities must be made by methods authorized by Fed. R. Civ. P. 4, which provide that service may be made by in-hand service, abode service, request to waive, or pursuant to the law of the state in which the district is located.  Banerjee v. Roberts,  641 F.Supp. 1093, 1099 (D.Conn.,1986).  In Connecticut, service may be made on an individual by in-hand service or abode service. Conn.Gen.Stat. § 52-57(a).  Pursuant to Rule 4(m), service must be made upon a defendant within 120 days of the filing of the complaint.

In her response to the defendants' motion to dismiss, dated March 18, 2005, the plaintiff did not object to the defendants' contention that the service was insufficient, but pledged to remedy any insufficiency.  However, as of this date, more than five months later, more than eleven months after her complaint was filed, there still has been no proper service.  Pursuant to Rule 4(m), the complaint as against the individual defendants in their personal capacities is dismissed.

The plaintiff may move to re-open the action as against the defendants in their personal capacities provided that she demonstrate a good cause for her failure to timely serve process on the defendants by September 27, 2005.

Accordingly, due to the lack of proper service against the individual defendants in

4

their personal capacities, Longshore-Pizer's claims are only asserted against the individual defendants in their official capacities. As a result, due to the Eleventh Amendment sovereign immunity enjoyed by the individual defendants in their official capacities, as well as the sovereign immunity enjoyed by the state itself, the plaintiff's state law causes of action must be dismissed. The Eleventh Amendment bars the exercise of pendent jurisdiction by a federal court over state law claims against a state, as well as state actors in their official capacity, regardless of whether the relief sought is injunctive or for damages. Almendral v. New York State Office of Mental Health, 743 F.2d 963, 968-69 (2d Cir. 1984)("[A] claim that state officials violated state law in carrying out their official responsibilities is a claim against the State that is protected by the Eleventh Amendment.")(quoting Pennhurst State School & Hospital v. Halderman, 465 U.S. 89, 121 (1984). Thus, Longshore-Pizer's claims for the intentional infliction of emotional distress and the breach of covenant of good faith and fair dealings must be dismissed for lack of subject matter jurisdiction.[2]

---

[2] The court notes that the defendants, while arguing in their motion to dismiss that the Eleventh Amendment bars all state claims against state official in their official capacity, have only asserted their sovereign immunity as to the plaintiff's claims under CFEPA. Even if the defendants were found to have waived their sovereign immunity as to these claims, which the court does not find, the court finds that the plaintiff has failed to state a cause of action for these claims under Fed. R. Civ. P. 12(b)(6). The plaintiff's allegations concerning her employer's conduct do not rise to the level of extreme and outrageous behavior necessary to state a claim of intentional infliction of emotional distress. See e.g., Adams v. Hartford Courant, No.3:03-CV-0477, 2004 U.S. Dist. LEXIS 8546, at *11-12 (D. Conn. May 14, 2004)("[R]outine employment action, even if made with improper motivations, does not constitute extreme or outrageous behavior."); Javier v. Engelhard Corp., No. 3:00-CV-2301, 2001 U.S. Dist. 17341, at *16 (D.Conn. October 1, 2001)(Hall, J.)(finding that claim of denial of training opportunities, insulting behavior, and differential treatment in the workplace did not constitute extreme and outrageous behavior). Furthermore, under Connecticut law, state employees, by default, do not have contractual rights on which Longshore-Pizer could base a claim for the breach of the covenant of good faith. Chotkowski v. State, 240 Conn. 246, 267 (1997)("[S]tate employees do not have contractual employment rights absent a clear and unambiguous expression of

Several of the plaintiff's federal law claims are also barred by the Eleventh Amendment. "It is well established that . . . 42 U.S.C. §§ 1981, 1983, 1985 . . . do not abrogate a state's sovereign immunity." Ammann v. State, No.3:04-CV-1647, 2005 WL 465401, at *1 (D.Conn. Feb. 10, 2005); see also Lipofsky v. Steingut, 86 F.3d 15, 18 (2d Cir. 1996)("There is no such abrogation for suits under § 1983 . . . ."); Fincher v. State of Florida Dep't of Labor & Employment Sec., 798 F.2d 1371, 1371 (11th Cir.1986) (§ 1985 does not abrogate state sovereign immunity); Coger v. Connecticut, 309 F.Supp.2d 274, 281 (D.Conn.2004) (§ 1981 does not abrogate state sovereign immunity); True v. New York State Dep't of Corr. Servs., 613 F.Supp. 27, 31 (W.D.N.Y.1984) (§ does not abrogate state sovereign immunity); see generally Atascadero State Hospital v. Scanlon, 473 U.S. 234, 243 (1985)("Congress must express its intention to abrogate the Eleventh Amendment in unmistakable language in the statute itself".). A state may waive its sovereign immunity only through an unequivocal expression of consent to do so. Pennhurst State School & Hosp. v. Halderman, 465 U.S. 89, 99 (1984). Connecticut has not consented to suit under 42 U.S.C. §§ 1981, 1983 or 1985. Ammani, 2005 WL 465401, at *1; Banerjee v. Roberts 641 F.Supp. 1093, 1098 (D.Conn. 1986).

Accordingly, the claims against the State of Connecticut, Capitol Region Mental Health Center under 42 U.S.C. sections 1981 and 1983 must be dismissed.[3] The claims under section 1983 and section 1985 against the individual defendants in their official

---

legislative intent to the contrary.").

[3] The plaintiff's section 1981 claim was only brought against the state defendant, and her section 1985 claim was only brought against the individual defendants.

capacities are barred by sovereign immunity to the extent they seek money damages; sovereign immunity does not prevent the plaintiff, however, from seeking prospective equitable relief and attorneys fees from the individual defendants for these claims. See New York City Health & Hospitals Corp. v. Perales, 50 F.3d 129, 135 (2d Cir. 1995); Banerjee v. Roberts, 641 F.Supp. at 1100 (citing Pennhurst, 465 U.S. at 102-3).

Congress did, however, abrogate state sovereign immunity when it enacted Title VII. Fitzpatrick v. Bitzer, 427 U.S. 445, 457 (1976). However, the plaintiff's Title VII claims against the individual defendants must also be dismissed as Title VII claims cannot be brought against individuals. Patterson v. County of Oneida, N.Y., 375 F.3d 206, 221 (2d Cir. 2004).

To summarize: Longshore-Pizer's claim under Title VII against the state defendant remains pending. Her claims against the individual defendants, to the extent that they seek prospective equitable relief and attorneys fees, under section 1983 and section 1985, also survive the motion to dismiss. Her state law claims, as well as her section 1981 claim, are dismissed in their entirety.

B. **Sufficiency of Pleadings**

The defendants challenge the sufficiency of the pleadings of Longshore-Pizer's remaining claims. A motion to dismiss filed pursuant to Rule 12(b)(6) can be granted only if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957). See also Reed v. Town of Branford, 949 F. Supp. 87, 89 (D. Conn. 1996). "In considering a motion to dismiss . . . a district court must limit itself to facts stated in the complaint or in documents attached to the complaint as exhibits or incorporated in the

complaint by reference . . . [and review all allegations] in the light most favorable to the non-moving party." Newman & Schwartz v. Asplundh Tree Expert Co., Inc., 102 F.3d 660, 662 (2d Cir. 1996). Rule 8 of the Federal Rules of Civil Procedure provides that a complaint "shall contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); see also Swierkiewicz v. Sorema N.A., 534 U.S. 506, 512 (2002). The plaintiff's claims will be considered in turn.

1. Section 1985 Claim against the Individual Defendants in their Official Capacities

To state a claim under section 1985(3), a plaintiff must allege (1) a conspiracy (2) for the purpose of depriving a person or class of persons of the equal protection of the laws, or the equal privileges and immunities under the laws; (3) an overt act in furtherance of the conspiracy; and (4) an injury to the plaintiff's person or property, or a deprivation of a right or privilege of a citizen of the United States. Thomas v. Roach, 165 F.3d 137, 146 (2d Cir. 1999).[4] The plaintiff asserts that she has made a prima facie showing claim undersection 1985(3).

The defendants argue, however, that the plaintiff's claim, as it is asserted against them in their official capacities for actions undertaken in their supervisory positions, are

---

[4] 42 U.S.C.A. section 1985(3) provides in part: If two or more persons in any State or Territory conspire ⋯ for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; or for the purpose of preventing or hindering the constituted authorities of any State or Territory from giving or securing to all persons within such State or Territory the equal protection of the laws; ⋯ in any case of conspiracy set forth in this section, if one or more persons engaged therein do, or cause to be done, any act in furtherance of the object of such conspiracy, whereby another is injured in his person or property, or deprived of having and exercising any right or privilege of a citizen of the United States, the party so injured or deprived may have an action for the recovery of damages occasioned by such injury or deprivation, against any one or more of the conspirators.

barred by the intracorporate doctrine.  "[S]ince a corporation or other institution . . . can only act through its agents, a claim that the agents collectively agreed to take some unlawful action in the name and on behalf of the corporation is simply another way of saying that the corporation acted unlawfully and therefore does not satisfy the basic requirements of a conspiracy."  Ericson v. Syracuse University, 35 F.Supp.2d 326, 329 (S.D.N.Y. 1999)(dismissing section 1985(3) action under the intracorporate bar where the alleged actions supporting section 1985(3) claim were performed actions by defendants "in their positions as persons given official power.");see also Girard v. 94th St. & Fifth Ave. Corp., 530 F.2d 66, 72 (2d Cir. 1976)(dismissing claim for failure to state actionable conspiracy under section 1985(3) where the plaintiff failed to alleged that the defendants "committed any act of a personal nature except in connection with the corporate affairs.").  Here, where Longshore-Pizer's suit against the individual defendants is against them only in their official capacity as agents of the state, and where her factual allegations only concern the defendants' actions undertaken in furtherance of their supervisory duties, the plaintiff's section 1985 claim must be dismissed under the intracorporate doctrine for failure to state an actionable conspiracy.

     2.    Title VII Claims

Longshore-Pizer's complaint states a claim against the state defendant for violation of Title VII for race discrimination.  Title VII makes it unlawful for an employer to "discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin."  42 U.S.C. § 2000e-2.  In her complaint, Longshore-Pizer claims that the state defendant discriminated against her by holding her to a different standard of

performance than a similarly-situated white female, subjected her to a hostile work environment, and retaliated against her for previously "opposing" discrimination. Compl., ¶¶ 1, 63-64.

The defendant argues that the plaintiff's Title VII claim fails as a matter of law because she has failed to plead facts that support a hostile work environment claim under the requisite standard, demonstrate that she was subject to an adverse employment action in retaliation for her discrimination complaint, or show that she was treated differently than other similarly situated employees.[5]  See Harris v. Forklift Systems, Inc., 510 U.S. 17, 21(1993)("When the workplace is permeated with discriminatory intimidation, ridicule, and insult that is sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment, Title VII is violated."); Weeks v. New York State (Div. of Parole), 273 F.3d 76, 85 (2d Cir. 2001)("An adverse employment action is a materially adverse change in the terms and conditions of employment"); McGuinness v. Lincoln Hall, 263 F.3d 49, 53 (2d Cir. 2001)(A Title VII plaintiff "may make out a prima facie case of employment

---

[5] The defendant also attacks the procedural soundness of the plaintiff's Title VII claim, arguing that, as the plaintiff filed a complaint with the CHRO in 2002, the allegations concerning the defendants' conduct in 2003 and 2004 must be shown to be "reasonably related" to the initial CHRO complaint in order to be procedurally sound.  See Butts v. City of New York Dep't of Housing Preservation & Development, 990 F.2d 1397, 1401 (2d Cir. 1993)(superceded by statute on other grounds as stated in Hawkins v. 1115 Legal Serv. Care, 163 F.3d 684 (2d Cir.1998))("A district court only has jurisdiction to hear Title VII claims that either are included in an EEOC charge or are based on conduct subsequent to that alleged in the EEOC charge."); cf. Francis v. City of New York, 235 F.3d 763, 768 (2d Cir. 2000)("[P]resentation of a Title VII claim to the EEOC is not a jurisdictional prerequisite but only a precondition to bringing a Title VII action that can be waived by the parties or the court.").  The plaintiff, however, has averred as to having "complied with all of the procedural prerequisites to suit" under Title VII.  Compl., ¶ 10. At least for purposes of this motion to dismiss, the court finds that it has jurisdiction to hear the plaintiff's Title VII claim.

discrimination by showing that she is within a protected group; that she is qualified for the position; that she was subject to an adverse employment action . . . and that a similarly situated employee not in the relevant protected group received better treatment.").

On the basis of Longshore-Pizer's complaint, the court cannot conclude that "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957). Accordingly, the state defendant's motion to dismiss is denied as to Longshore-Pizer's Title VII claim.

### 3. Section 1983 Equal Protection Claim

As it appears in the complaint, the plaintiff's section 1983 claim against the individual defendants in their official capacities does not seemingly address the circumstances of this particular plaintiff, who is an African-American female, or the particular defendants in this case, given the references in the complaint to discrimination against the plaintiff for exercising "his First Amendment rights," "his due process rights," and "other similarly situated white independent contractors." Compl., ¶¶ 49-51.

The plaintiff's equal protection claim is dismissed without prejudice to replead, and the plaintiff is instructed to be mindful both of the applicable standards for pleading a section 1983 equal protection claim against state officials in their official capacities and the circumstances of this particular case. See Patterson v. County of Oneida, 375 F.3d 206, 226 (2d Cir. 2004)(holding that plaintiffs must show that challenged acts were performed pursuant to a policy or custom in section 1983 suits against officials in their official capacity); Saulpaugh v. Monroe Community Hosp., 4 F.3d 134, 143-44 (2d Cir.

1993)(finding hostile work environment claim cognizable under section 1983); <u>Hajjar v. Dayner</u>, 96 F.Supp.2d 142 (D.Conn. 2000)(stating standards for equal protection and due process claims in employment discrimination context).

### IV.     CONCLUSION

For the foregoing reasons, the defendants' Motion to Dismiss [Dkt. No. 17] is GRANTED in part and DENIED in part. The plaintiff is granted leave to replead her equal protection claim, and the plaintiff may move to reopen the action by September 27, 2005, as against the individual defendants in their personal capacities provided that she demonstrates that she has now effected service and shows good cause for her failure to timely effect service in the past.

**SO ORDERED.**

Dated this 13th day of September, 2005, at Bridgeport, Connecticut.


/s/ Janet C. Hall
Janet C. Hall
United States District Judge